[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISMISS (DATED MAY 28, 1990)
This matter went to judgment on October 18, 1991 as an uncontested hearing. The parties' separation agreement dated August 29, 1991 was accepted and approved by the court and its terms were incorporated by reference in the judgment.
There is one issue of the parties, namely Mallory Elizabeth Drew, whose date of birth is March 16, 1989. Article II of said separation agreement, entitled Custody and Visitation provides that the parties shall have joint legal custody of the minor child. The wife's residence shall be considered the primary residence of the child.
Article II continues for nearly seven (7) pages (23 paragraphs) defining visitation rights inuring to the defendant. It even provides or visitation to 1997. It contemplates and covers the plaintiff moving to New Jersey with Mallory. Paragraph 2.2 provides "The parties shall attempt to agree on all major decisions affecting the health, education, welfare and comfort of the children, and, in the event they are unable to agree, the dispute shall be submitted to the Superior Court at Bridgeport or any other court of competent jurisdiction for final determination."
Apparently the defendant experienced difficulty in exercising his visitation rights and filed a motion for contempt (dated May 5, 1992) and motion for order regarding weekend visitation (dated May 13, 1992). The singular and narrow purpose of these motions was to enlist the aid and authority of this court to enforce its orders to enable the defendant to enjoy his court ordered visitation which CT Page 1627 parenthetically had been agreed to by the parties.
The plaintiff has filed a motion to dismiss the aforesaid motions claiming that Connecticut is preempted from jurisdiction by virtue of the Uniform Child Custody Jurisdiction Act.
Simply stated, the issue of this matter really is whether or not the plaintiff is in contempt of the orders of this court enabling the defendant to exercise his visitation.
The object and target of the defendant's motion is the plaintiff. It is not the child, Mallory. Nor is custody and visitation in issue, although admittedly visitation is derivative of the issue of contempt.
It is axiomatic that the State of Connecticut has continuing jurisdiction over its judgments and the parties thereto.
The court finds that the plaintiff's motion to dismiss has been filed to obfuscate the issue herein and further frustrate the defendant in his efforts to exercise his visitation rights.
The plaintiff has heretofore invoked the jurisdiction of this court post judgment by filing several motions, at intermittent times, including plaintiff's motion for contempt (dated January 10, 1992); plaintiff's motion for counsel fees (dated April 1, 1992); plaintiff's motion for contempt (dated April 16, 1992); plaintiff's motion to modify (dated May 11, 1992); plaintiff's motion to refer to family relations (dated May 11, 1992); plaintiff's motion for psychiatric examination (dated May 27, 1992); plaintiff's motion for order (dated May 11, 1992). The plaintiff shall not be heard to selectively invoke the jurisdiction of this court when it is convenient to her and selectively contest the jurisdiction of this court when it is not convenient.
The parties have heretofore agreed to the jurisdiction of this court by virtue of paragraph 2.2 of their separation agreement.
The plaintiff has not attempted to litigate this issue, (nor would she have the motivation to do so) and the defendant is not compelled to file a motion for contempt in New Jersey. CT Page 1628
Assuming arguendo that this is a matter of visitation this court would have jurisdiction in accordance with Conn. Gen. Statutes 46b-56(a) as "It is in the best interest of the child that a court of this State assumes jurisdiction because (A) the child and his parents or the child and at least one contestant have a significant connection with this State and (B) there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationship. "
Further the parties agreed to joint legal custody which the court ordered. Joint legal custody imports to the defendant extensive legal rights and responsibilities, which fortifies this matter's significant connection with this state.
This plaintiff's motion to dismiss is denied.
JOHN W. MORAN, JUDGE